**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANGELIQUE STOYKOR-ADAMS,**

    **Plaintiff,**

v.                                                   **Case No. 8:06-cv-733-T-TBM**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                          /

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income payments. For the reasons set out herein, the decision is reversed and remanded.

I.

Plaintiff was fifty-four years of age at the time of her administrative hearing in June 2005. She stands 5'4" tall and weighed 220 pounds. Plaintiff has a high school education. She has no vocationally relevant past work experience. Plaintiff applied for Supplemental Security Income payments in October 2003, alleging disability as of January 1, 1993, by reason of depression, arthralgias, myalgias, chronic fatigue, lymphadenopathy, bladder,

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

dysphagia, alopecia, skin problems, sleep disturbances, night sweats, cognitive dysfunction, burning breasts, chest pains, sclerdermotous photosensitivity, respiratory difficulty, bowel irritability, colitis, and bruising. (R. 45). The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ. In essence, Plaintiff testified that she was unable to work at any job because of fatigue and breathing difficulties. By her account, after she had breast implants, she developed a wide variety of problems. She is constantly fatigued and cannot stay awake or remain alert. She suffers from allergic reactions, including sneezing and inability to focus, and she is sensitive to the heat and light. Heat, in particular, bothers her breathing and causes problems with circulation. Plaintiff also complains that her thumbs do not function properly, making it difficult to hold things, open things, and provide for her own personal care. She suffers back pain, which she describes as constant and dull. She uses a heating pad and a massage machine and sleeps on a special bed for relief. By her account, any activity aggravates this condition. She also claims difficulty lifting her arm and aching in her shoulder. She cannot turn her head back and forth. She cannot stand on her left leg too long due to pain, and at night she elevates it. She catches cold easily. She also has a hiatal hernia, which makes eating difficult at times. She has a hernia on her right side and claims that she has gained a 120 pounds over ten years. Although she attributes much of her problems to her breast implants, she has not had them removed. She has had a number of skin carcinomas removed. Plaintiff prefers to take

2

Tylenol, aspirin, or Advil over other medications her doctor has offered due to the side effects. She does take medication for her allergies; Plaintiff indicated that this medication helps unless she goes out into the hot weather, which forces her to return indoors. She also claims difficulty with her memory.

Plaintiff claimed she can walk for only about two blocks before she experience discomfort. She can stand for only fifteen minutes before her left leg hurts. She can sit for one to two hours but then must move about. As for lifting, she indicates she must use both hands when lifting items like milk. Her daughter helps with most of the household chores.

On a routine day, she awakes and helps her daughter fix breakfast, then she watches television, does some light things around the house, reads, and listens to music. She takes two naps daily because of her fatigue. Around 11:00 a.m., she becomes tired and will lie down, and then later in the day around dinnertime, she will also take a nap. She indicates that the naps last a minimum of two hours. She has difficulty sleeping at night and experiences night sweats. By her testimony, she gets up four to six times a night to go to the bathroom.

Plaintiff last worked about fifteen years previous to the date of hearing as a graphic artist. By her account, she in unable to do any work by reason of her fatigue and assorted other problems. (R. 401-17).

The ALJ next took testimony from Tennyson Wright, Ph.D., a vocational expert ("VE"). In his opinion, if Plaintiff's testimony was fully credited, she could not engage in competitive employment. On an assumption that Plaintiff had a maximum residual functional capacity for a restricted range of light work with a need to alternate sitting and standing and environmental limitations precluding exposure to temperature extremes, pollutants, gases, and

fumes, the VE opined that Plaintiff could not return to her former work as a graphic artist. However, regardless of the transferability of her skills, Plaintiff could work sedentary and unskilled jobs in the clerical field.  Additionally, she could perform light work such as an order caller, information clerk, and survey worker.  By his testimony, such jobs were representative, not all-inclusive.  On questioning by Plaintiff's counsel, the VE agreed that if an additional limitations were imposed for the need to take rest periods during the course of the day, restrictions on the ability to grip with her hands, and the possibility of the need to elevate her legs because of venous thrombosis, Plaintiff would be unable to discharge any of these jobs. (R. 417-20).

       Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

       By his decision of September 22, 2005, the ALJ determined that while Plaintiff has severe impairments related to back pain, status post breast splints, and breath difficulties, she nonetheless had the residual functional capacity to perform light exertional work with restrictions from fumes and irritants.  Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to her in the local and national economy. Upon this conclusion, the ALJ determined that the Plaintiff was not disabled.  (R. 10-15). After receipt of additional evidence, the Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits or Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ erred by failing to analyze and discuss and making findings regarding Plaintiff's complaints regarding fatigue; and

(2) The ALJ erred by failing to opine that Plaintiff was obese and that this condition could cause of exacerbate Plauntiff's subjective complaints.

The court need only address the first claim. By that claim, Plaintiff maintains that the ALJ failed to adequately address her subjective complaints of fatigue. She maintains that while the medical record consistently reflects her complaints of fatigue and by her testimony,

6

it is her most significant and disabling condition, the ALJ failed to specifically state his reasons for discounting the condition. Citing to the circuit's "pain standard," Plaintiff urges that because the ALJ failed to properly discount the subjective evidence, Plaintiff's testimony must be accepted as true and the case remanded for proper analysis. In response, the Commissioner urges that the ALJ's consideration of Plaintiff's symptoms was proper and his conclusions thereon consistent with the medical evidence, which generally supports the position that Plaintiff's fatigue did not impose functional limitations preventing her from working.

In this circuit, subjective complaints such as pain, fatigue, or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995); Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991). The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). A reviewing court will not disturb a clearly articulated

credibility finding with substantial supporting evidence in the record. See Hale, 831 F.2d at 1012.

Upon my review, I cannot determine whether the ALJ gave the Plaintiff's complaint of fatigue proper and reasonable consideration as the decision reflects no sufficient discussion of her complaint of fatigue or the reasons to discount it. This failure prevents meaningful judicial review of the credibility determination and warrants a remand. See Marbury v. Sullivan, 957 F.2d 837, 840 n.2 (11th Cir. 1992); Walker v. Bowen, 826 F.2d 996, 1003-04 (11th Cir. 1987); see also Owens v. Heckler, 748 F.2d 1511,1515-16 (11th Cir. 1984) (declining to affirm simply because some rationale might have supported the ALJ's rejection of claimant's testimony). Here, the decision does reflect that Plaintiff claimed she was unable to work because of her fatigue (and other symptoms). (R. 11). The ALJ also acknowledged the applicable regulatory standard for consideration of such complaints. (R. 12). However, the discussion that follows is so perfunctory that it is impossible to determine whether the claim of fatigue was properly considered consistent with this standard (and this circuit's "pain standard") and whether it was properly discounted in accordance with that standard. Accordingly, a remand is appropriate. On such remand, Plaintiff's claim that she suffers from fatigue must be accepted as true. The ALJ is instructed to discuss the claim in full including the medical record as it may or may not support the severity of the condition. Should the ALJ determine to discount the claim in any fashion, he is directed to set forth explicit and adequate reasons for doing so.[2]

---

[2] On this conclusion, it is unnecessary to discuss the second claim. However, I would note that if Plaintiff believes that her alleged obesity contributes to her disabling conditions, she bears the initial burden of proving such. Here, she clearly did not do so.

8

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case. The matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 1st day of November 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record